IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-39-BO

| | |
|---|---|
| DWIGHT BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THURMAN TURNER, individually and in | ) |
| his official capacity at North Carolina | ) |
| Department of Corrections, | ) |
| | ) |
| Defendant. | ) |

ORDER

This cause comes before the Court on plaintiff's motion for entry of default and default judgment and defendant's motion to dismiss. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, this action is dismissed.

## BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action under 42 U.S.C. § 1983 to redress the deprivation under color of law of rights secured by the United States Constitution. Specifically, plaintiff alleges that on September 25, 1998, he was sentenced to a term of ten years' imprisonment in New Jersey State Prison (flat) and a lifetime of community supervision as well as compliance with registration and re-registration requirements of New Jersey's Megan's Law.[1] Plaintiff began

---

[1] "Megan Kanka was a 7-year-old New Jersey girl who was sexually assaulted and murdered in 1994 by a neighbor who, unknown to the victim's family, had prior convictions for sex offenses against children. The crime gave impetus to laws for mandatory registration of sex offenders and corresponding community notification. In 1994, Congress passed the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, title 17, 108 Stat.2038, as amended, 42 U.S.C. § 14071, which conditions certain federal law enforcement funding on the States' adoption of sex offender registration laws and sets minimum standards for state

being supervised under community supervision on April 1, 2004, and relocated to North Carolina. [DE 17-1 at 7].[2]  Plaintiff alleges he is currently listed under the Sex Offender Registration and Notification Act (SORA), 42 U.S.C. § 16901 *et seq.*, a component of the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act).  Pub. L. 109-248, 120 Stat. 587 (2006). Plaintiff alleges that defendant Turner and the North Carolina Department of Corrections are currently supervising him not under Megan's Law as directed by his New Jersey judgment but under the later enacted Adam Walsh Act.  Plaintiff seeks a declaratory judgment that the acts alleged violate his constitutional rights.

## DISCUSSION

I.     Default/default judgment.

Plaintiff's request for entry of default and motion for default judgment are denied.  Plaintiff filed proof of service reflecting service on defendant on March 1, 2017.  [DE 5].  Fed. R. Civ. P. 12(a) provides that an answer must be filed within twenty-one days of service of the summons and complaint, unless a motion under Rule 12 is filed, in which case the responsive pleading must be served, if required, within fourteen days of notice of the court's action on the motion.  Prior to the time for filing a responsive pleading expiring, defendant moved for an extension of time and was granted such extension.  [DE 10; 11].  A second motion for extension of time to file a responsive pleading was also granted, [DE 14], and defendant filed his motion to dismiss within the time provided by the Court.  Although the second motion for extension of time was filed after the

---

programs. By 1996, every State, the District of Columbia, and the Federal Government had enacted some variation of Megan's Law." *Smith v. Doe*, 538 U.S. 84, 89–90 (2003).

[2] The Court may consider information in the public record when reviewing a motion to dismiss pursuant to Rule 12(b)(6), *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004), as well as any documents integral to the complaint.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

2

previously extended time period had expired, the Court's allowance of defendant's second motion for extension found good cause for the delay. Entry of default under Rule 55(a) is thus not warranted and the motion for entry of default judgment under Rule 55(b) must therefore be denied.

II.     Motion to dismiss.

Defendant moves to dismiss plaintiff's complaint for failure to state a claim and for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(6), 12(b)(1). Although notified of his right to respond, [DE 21], plaintiff has not responded to the motion to dismiss.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

Plaintiff has failed to plausibly allege a violation of his constitutional rights. Plaintiff has alleged that the failure of defendant to take plaintiff back before the New Jersey courts to voice his constitutional objection to being supervised under the more constricting punishment of the federal Adam Walsh Act and SORNA as opposed to New Jersey's Megan's law which was in effect at the time his criminal sentence was imposed violates the separation of powers doctrine.[3]

---

[3] While the "structural principles secured by the separation of powers protect the individual as well" as the separate branches of government, *Bond v. United States*, 564 U.S. 211, 222 (2011), plaintiff has failed to specifically identify how the acts of which he complains implicate the separation of powers doctrine.

3

North Carolina has implemented and applied SORNA's guidelines for state sex offender registration programs. *See In re Hall*, 238 N.C. App. 322, 325 (2014); N.C. Gen. Stat. § 14-208.7. State sex offender registration laws have been found to be nonpunitive, and their retroactive application to offenders convicted prior to the law's passage has been found not to violate the *Ex Post Facto* Clause of the Eighth Amendment. *Smith v. Doe*, 538 U.S. 84, 106 (2003).[4]

Insofar as plaintiff alleges that it is his registration under SORNA and not North Carolina registration laws which violates his rights, although pre-SORNA offenders were not required to register until the United States Attorney General validly specified that SORNA's registration provisions apply to them, *Reynolds v. United States*, 565 U.S. 432, 439 (2012), the Attorney General's issuance of the interim rule on February 28, 2007, specified that SORNA's registration requirements apply to persons convicted of sex offenses prior to the enactment of SORNA. *Id.* at 437; *see also United States v. Hatcher*, 560 F.3d 222, 229 (4th Cir. 2009). SORNA has further consistently been held not to violate the nondelgation doctrine and thus not to implicate separation of powers concerns. *See United States v. Richardson*, 754 F.3d 1143, 1145 (9th Cir. 2014) (listing cases holding same); *United States v. Parent*, 585 F. App'x 668, 669 (9th Cir. 2014).

Accordingly, as plaintiff complains that the North Carolina Division of Community Corrections has violated his constitutional rights for requiring him to comply with state or federal SORNA registration requirements, he has failed to articulate any basis for such a claim and it thus fails.

---

[4] The Court would further note that in plaintiff's transfer of supervision from New Jersey to North Carolina, he agreed that supervision by another state may be different from supervision in New Jersey. [DE 17-1 at 6].

4

## CONCLUSION

For the foregoing reasons, plaintiff's request for entry of default and motion for default judgment [DE 20] are DENIED. Defendant's motion to dismiss [DE 16] is GRANTED. Plaintiff's complaint is hereby DISMISSED in its entirety.

SO ORDERED, this __7__ day of September, 2017.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE